IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1713-GPG

**LAZARO AGUILAR;** Inmate No. 1480278,

    Plaintiff,

v.

**COLORADO STATE GOVERNOR**;
**COLORADO DEPARTMENT OF CORRECTIONS**; and
**COLORADO STATE PENITENTIARY**,

    Defendants.

## ORDER TO AMEND

On August 10, 2015, Plaintiff Lazaro Aguilar filed a 27-page Complaint. On August 11, 2015, Magistrate Judge Gordon P. Gallagher ordered Plaintiff to file an amended complaint and provided detailed instructions as the requirements of the Federal Rules of Civil Procedure. Plaintiff filed an amended complaint on October 19, 2015 (ECF No. 10).

The court must construe the amended complaint liberally because Mr. Aguilar is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. Mr. Aguilar will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

First, the Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a

complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8. *See Schupper v. Edie*, 193 F. App'x 744, 745-46 (10th Cir. 2006) (upheld the dismissal of a thirty-eight page complaint, containing 292 paragraphs, plus 120 pages of exhibits as unnecessarily prolix).

Plaintiff fails to provide a short and plain statement of his claims showing that he is entitled to relief. The complaint is repetitive, prolix, and fails to assert personal participation. *See Hart v. Salois*, 2015 WL 1020369, *5, — F. App'x — (10th Cir. Mar. 10, 2015) (Plaintiff's "multiple collective allegations against the defendants and corresponding failure to identify each individual defendant's culpable actions only exacerbated this significant deficiency."). Defendants are not required to "piece

together the plaintiff's complaint." *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) (internal quotations omitted).  It is not the Court's responsibility to sift through the attavhed documents to determine whether Plaintiff has a claim.

Moreover, any claims against Defendants Colorado Department of Corrections and Colorado State Penitentiary are barred by the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

Although the Eleventh Amendment does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged violations of federal law, Plaintiff must assert a claim for prospective relief against individual state officers. *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997));  *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007).  Plaintiff does not name any individual state officers as Defendants.

In addition, to state a claim in federal court Plaintiff must explain:  1) what a defendant did to him; 2) when the defendant did it; 3) how the defendant's action harmed him; and 4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Plaintiff also is required to assert personal participation by each named defendant in the alleged

constitutional violation. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Plaintiff names Governor Hickenlooper as a Defendant without alleging any personal participation other than his signing a bill into law. Under the doctrine of absolute legislative immunity, a governor cannot be sued for signing a bill into law. *Women's Emergency Network v. Bush*, 323 F.3d 937 (11th Cir. 2003). Moreover, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Plaintiff also cannot maintain claims against prison officials or administrators on the basis that they denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

The Court, therefore, will direct Plaintiff to submit a second amended complaint that complies with the findings of this Order. Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order. It is

**FURTHER ORDERED** that if Plaintiff fails to file a second amended complaint that complies with this Order, within the time allowed, the Court will dismiss this action without further notice.

DATED December 11, 2015, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge