IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1713-GPG

LAZARO AGUILAR; Inmate No. 1480278,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS; and
COLORADO STATE PENITENTIARY,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Lazaro Aguilar, is in the custody of the Colorado Department of Corrections, currently incarcerated at the Colorado State Penitentiary in Canon City, Colorado. On August 10, 2015, Mr. Aguilar filed *pro se* a Prisoner Complaint. (ECF No. 1). He has been granted leave to proceed *in forma pauperis*. (ECF No. 4).

    On August 11, 2015, Magistrate Judge Gordon P. Gallagher ordered Plaintiff to file an amended complaint. (ECF No. 5). Specifically, Magistrate Gallagher directed Plaintiff to file a complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Also, Plaintiff was instructed that the Colorado Department of Corrections and the Colorado State Penitentiary were not proper parties because they are protected by Eleventh Amendment immunity. Further, the Court informed Plaintiff that he must allege personal participation, beyond that of merely signing a bill into law, against Governor Hickenlooper, who was named as a defendant in Plaintiff's original complaint.

In response, Plaintiff filed an amended complaint on October 19, 2015 (ECF No. 10). However, the amended complaint was against the same defendants and suffered from the same deficiencies. Therefore, on December 11, 2015, Magistrate Judge Gallagher again ordered Plaintiff to file an amended complaint if he wished to pursue his claims in this action. (ECF No. 13). The second order to amend notified Plaintiff of the same deficiencies: (1) the complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure; (2) the Colorado Department of Corrections and the Colorado State Penitentiary were not proper parties because any claims were barred by Eleventh Amendment immunity; and (3) any claims against Governor Hickenlooper must include allegations of personal participation beyond signing a bill into law.

On January 4, 2016, Plaintiff filed an Amended Complaint against the same three defendants. (ECF No. 16). Then, on January 25, 2016, Plaintiff filed another Amended Complaint, dropping Governor Hickenlooper as a defendant, but still naming the Colorado Department of Corrections and the Colorado State Penitentiary as defendants. (ECF No. 17).

The court must construe the Amended Complaint liberally because Mr. Aguilar is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Amended Complaint and this action will be dismissed.

Plaintiff's Amended Complaint fails to cure the deficiencies as directed in the Court's August 11, 2015 (ECF No. 5) and December 11, 2015 (ECF No. 13) Orders. Instead of asserting claims against proper parties, as directed, Plaintiff's Amended

Complaint names only the Colorado Department of Corrections and the Colorado State Penitentiary as defendants. The Court notified Plaintiff two separate times that § 1983 claims against the Colorado Department of Corrections and the Colorado State Penitentiary are barred by the doctrine of Eleventh Amendment immunity. (ECF Nos. 5 and 13 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The Colorado Department of Corrections and the Colorado State Penitentiary are agencies of the State of Colorado. The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, s*ee Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998). Therefore, Mr. Aguilar's claims against the Colorado Department of Corrections and the Colorado State Penitentiary must be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Amended Prisoner Complaint (ECF No. 17) and the action are dismissed for the reasons stated in this order. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that all pending motions are DENIED as moot.

DATED at Denver, Colorado, this  28th   day of    January           , 2016.

BY THE COURT:

   s/Lewis T. Babcock            
LEWIS T. BABCOCK, Senior Judge
United States District Court